# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| Markus Kliegl, *on behalf of himself and all others similarly situated*,<br><br>    Plaintiff,<br><br>v.<br><br>Stellar Recovery, Inc.,<br><br>    Defendant. | Civil Action No.:<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff, Markus Kliegl, by and through his undersigned counsel, pleading on his own behalf and on behalf of all others similarly situated, states as follows:

## INTRODUCTION

1. Plaintiff, Markus Kliegl, ("Plaintiff"), brings this class action for damages resulting from the illegal actions of Stellar Recovery, Inc. ("Stellar" or "Defendant"). Stellar placed automated calls using a prerecorded or automated voice to Plaintiff's cellular phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

2. Stellar is a debt collector. It specializes in collecting charged-off accounts it purchases from debt sellers and creditors. Stellar uses electronic skip tracing to locate consumers and their telephone numbers. Stellar than calls such numbers using automated technology and prerecorded messages without regard to whether the actual called party consented to the call. In doing so, Stellar violates the TCPA which makes such practices unlawful.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over Plaintiff's TCPA claims. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740 (2012).

4. Jurisdiction in this District is proper pursuant to 28 U.S.C. § 1332(d)(2), as Plaintiff seeks up to $500 in damages for each violation of the TCPA, which when aggregated among a proposed class numbering more than a thousand members, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Plaintiff also alleges a national class which will result in at least one class member residing in a different state.

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) & (c), because a substantial portion of the events or omissions giving rise to the claim occurred in this District, and Defendant regularly conducts business in this District.

## PARTIES

6. The Plaintiff, Markus Kliegl, ("Plaintiff") is, and at all times mentioned herein was, an adult individual residing in 12 Lawrence Dr., apt. 404, Princeton, New Jersey, 08540.

7. Defendant Stellar is a corporation organized under the laws of the state of Florida and whose principal business is 1327 Highway 2 West, Suite 100, Kalispell, Montana.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

8. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

9. The TCPA regulates, among other things, the use of automated telephone dialing systems.

10. 47 U.S.C. § 227(a)(1) defines an automatic telephone dialing system ("ATDS") as equipment having the capacity –

    (A)    to store or produce telephone numbers to be called, using a random or sequential number generator; and

    (B)    to dial such numbers.

11. 47 U.S.C. § 227(1)(A)(iii) prohibits any call using an ATDS or an artificial or prerecorded voice to a cellular phone without prior express consent by the person being called, unless the call is for emergency purposes.

12. According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls. The FCC also recognized that wireless customers are charged for incoming calls.[1]

13. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded calls to a wireless number by a creditor, or on behalf of a creditor, are permitted only if the calls are made with the "prior express consent" of the called party.[2]

## TCPA CLASS ACTION ALLEGATIONS

14. In February of 2014, Stellar repeatedly placed automated calls, using an ATDS or prerecorded voice, to Plaintiff cellular telephone, number 773-xxx-5524.

15. The telephone number that Defendant called to contact Plaintiff was and is assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

16. The aforementioned telephone calls Defendant made to Plaintiff included use of an artificial or prerecorded voice. The prerecorded messages Defendant utilized set forth:

> This is an important call from Stellar Recovery. This communication is from a debt collector. Please return the call to 877-936-1168.

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C.R. 14014 (2003).
[2] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C.R. 559, 2008 WL 65485 (F.C.C.) (2008) ("2008 FCC Declaratory Ruling").

17. Further, upon information and belief, Defendant utilizes the services of a third party telecommunications company called LiveVox which places calls on behalf and at the direction of Stellar.

18. The calls LiveVox makes on Stellar's behalf are made with a predictive dialer which has the capacity to store numbers, dial them sequentially and, otherwise meets the definition of an ATDS as defined by the FCC.

19. Defendant's calls to Plaintiff's cellular telephone were not for "emergency purposes."

20. Stellar was attempting to collect a debt from a "Denise Barns." Plaintiff is not Denise Barns nor does he know a Denise Barns.

21. Upon information and belief, Stellar acquired Plaintiff's telephone number by conducting a skip trace search for the actual debtor.

22. Stellar did not have prior express consent to call, with autodialing technology or prerecorded messages, the cellular phone number it acquired from the third party skip tracers.

A. *The Class*

23. Plaintiff seeks to bring TCPA claims as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and all others similarly situated.

24. Plaintiff represents, and is a member of the following class:

**All persons within the United States who received any telephone calls from Defendants or their agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system or prerecorded voice within the four years prior to the filing of the Complaint and whose number Stellar obtained from a source other than the called party or the creditor.**

25. Excluded from the Class are all officers, directors, and employees of Defendant, together with those individuals' immediate family members, and their respective legal

representatives, heirs, successors and assigns, the officers, directors and employees of any parent, subsidiary or affiliate of Defendant, together with those individuals' immediate family members, Counsel for Defendant and Class Counsel and their immediate family members, in addition to those whose claims are barred by the statute of limitations.

### B. *Numerosity*

26.  Upon information and belief, Defendant has placed automated and prerecorded/artificial calls using an ATDS to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

27.  The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### C. *Common Questions of Law and Fact*

28.  There are common questions of law and fact raised in this Complaint which predominate over any questions affecting only individual Class members.

29.  The following questions of law and fact common to the Class members are ripe for determination:

> a. Whether Defendant made non-emergency calls to Plaintiff and Class members' cellular telephones using an ATDS;
>
> b. Whether Defendant can meet its burden of showing it obtained prior express consent to make each call;
>
> c. Whether Defendant is liable for damages, and the amount of such damages; and

   d. Whether Defendant should be enjoined from such conduct in the future.

  30. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely places automated calls to telephone numbers assigned to cellular telephone services, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### D. *Typicality*

  31. Plaintiff's claims are typical of the claims of the Class since each of the claims arises from the same or a substantially similar automated telephone call.

### E. *Protecting the Interests of the Class Members*

  32. Plaintiff will fairly and adequately represent Class interests.

  33. All Class claims arise from the very course of conduct and specific activities complained of herein and require application of the same legal principles.

  34. Plaintiff has retained counsel experienced in litigating class actions and consumer claims and who stands ready, willing, and able to represent the Class.

### F. *Proceeding Via Class Action is Superior and Advisable*

  35. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

  36. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive, and therefore would have no effective remedy at law.

  37. The members of the Class are generally unsophisticated individuals whose rights will not be vindicated absent a class action.

  38. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of both the

Court and the litigants, and promotes consistency and efficiency of adjudication.

39. Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendant. Conversely, adjudications with respect to individual Class members would be dispositive of the interest of all other Class members.

40. The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner to vindicate the injuries sustained by Plaintiff and the other members of the Class.

## COUNT I

### Negligent Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq.

41. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

42. Defendant negligently placed multiple automated calls using an ATDS or prerecorded or artificial voices to cellular numbers belonging to Plaintiff and the other members of the Class without their prior express consent.

43. Each of the aforementioned calls by Defendant constitutes a negligent violation of the TCPA.

44. As a result of Defendant's negligent violations of the TCPA, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

45. Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that the Court grant Plaintiff and the Class the following relief against Defendant:

1. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

2. Statutory damages of $500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

3. Treble damages of up to $1,500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);

4. An award of attorney's fees and costs to counsel for Plaintiff and the Class; and

5. Such other relief as the Court deems just and proper.

### **TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 15, 2014

        Respectfully submitted,

        By /s/ Sofia Balile

        Sofia Balile, Esq.
        LEMBERG LAW LLC
        1100 Summer Street, 3rd Floor
        Stamford, CT 06905
        Telephone: (203) 653-2250
        Facsimile:  (203) 653-3424
        Attorney for Plaintiff