## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

**FINEMAN KREKSTEIN & HARRIS, P.C.**
*A Pennsylvania Professional Corporation*
BY    RICHARD J. PERR, ESQUIRE
        JENNIFER TATUM ROOT, ESQUIRE
        ERIC C. ROSENBERG, ESQUIRE
BNY Mellon Center
1735 Market Street, Suite 600
Philadelphia, PA  19103-7513
(v) 215-893-9300; (f) 215-893-8719
e-mail: rperr@finemanlawfirm.com;
         jroot@finemanlawfirm.com
**Attorneys for Defendant**

| | | |
|---|---|---|
| MARKUS KLIEGL, on behalf of himself & all others similarly situated, <br> Plaintiff | : <br> : <br> : <br> : | CIVIL ACTION |
| v. | : <br> : | NO. 3:14-cv-02409-MAS-LHG |
| STELLAR RECOVERY, INC., <br> Defendant | : <br> : <br> : | JURY TRIAL DEMANDED |

### RESPONSE TO MOTION FOR PRO HAC VICE ADMISSION OF SERGEI LEMBERG

Defendant Stellar Recovery, Inc. ("Defendant"), by and through its undersigned counsel, hereby responds to the Motion for *Pro Hac Vice* Admission of Sergei Lemberg, Esq., of Lemberg Law, LLC, and states the following:

1.      District of New Jersey Local Rule 101.1(c)(1) mandates that a motion for *pro hac vice* admission "contain a statement certifying that no disciplinary proceedings are pending against the attorney in any jurisdiction and no discipline has previously been imposed on the attorney in any jurisdiction … An attorney admitted *pro hac vice* shall have the continuing obligation during the period of such admission promptly to advise the court of the disposition made of pending charges or of the institution of new disciplinary proceedings." L. R. Civ. P. 101.1(c)(1).

2.      New Jersey Rule of Civil Procedure 1:20-14(a)(1) requires an attorney admitted in New Jersey to "promptly inform the [Director of the Office of Attorney Ethics] in writing … on imposition of discipline as an attorney or otherwise in connection with the practice of law in another jurisdiction, including any federal court of the United States or the District of Columbia, a state or federal administrative agency or other tribunal, a court of any state, territory, commonwealth or possession of the United States." R. 1:20-14(a)(1).

3.      On July 23, 2014, Sofia Balile, Esq. moved before this Honorable Court for the *pro hac vice* admission the Sergei Lemberg, to permit his appearance and participation in the instant matter. (See Doc. 9).

4.      In support of the Motion for *Pro Hac Vice* Admission, Mr. Lemberg submitted a declaration pursuant to District of New Jersey Local Rule 101.1(c). (See Doc. 9 at Exhibit "A").

5.      In his declaration, Mr. Lemberg certifies that "no disciplinary proceedings are currently pending against me and no discipline has ever been imposed against me in any jurisdiction of which I am a member." (See Doc. 9 at Exhibit "A," ¶ 4).

6.      Counsel for Defendant is aware that on July 17, 2014, the Honorable Sam Sparks of the United States District Court for the Western District of Texas issued an Order for Dismissal pursuant to Federal Rule of Civil Procedure 11, recommending to the Admissions Committee of that district a review of Mr. Lemberg's license to practice. (See Order for Dismissal, attached hereto as Exhibit "1").

7.      Counsel is unsure if this information bears merit upon this Honorable Court's decision as to the pending Motion for *Pro Hac Vice* Admission under Local Rule 101.1(c)(1), yet seeks to apprise Your Honor of the same.

FINEMAN KREKSTEIN & HARRIS, P.C.

By:

RICHARD J. PERR, ESQUIRE
JENNIFER TATUM ROOT, ESQUIRE
ERIC C. ROSENBERG
BNY Mellon Center
1735 Market Street, Suite 600
Philadelphia, PA  19103-7513
(v) 215-893-9300; (f) 215-893-8719
e-mail: rperr@finemanlawfirm.com
        jroot@finemanlawfirm.com
Attorneys for Defendant Stellar Recovery, Inc.

Dated: 7/24/14